**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE AGNEL GODINHO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70931

Agency No. A098-141-535

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

George Agnel Godinho, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DL/Research

and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based upon Godinho's omission of statements by police indicating they persecuted him account of his Christian religion from his declaration. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). Godinho's explanations for the omission do not compel the conclusion he is credible. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Absent credible testimony, Godinho's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Godinho's due process contention fails because the IJ warned him that by signing his asylum application he was asserting the information in the application was complete, and the lack of any express warning by the IJ that she could draw an adverse credibility determination based upon omissions did not render the proceedings "fundamentally unfair." *See Colmenar*, 210 F.3d at 971 (citation and internal quotation marks omitted).

Substantial evidence supports the IJ's denial of CAT relief because Godinho failed to establish it was more likely than not he would be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**